IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BAD BOY, Inc.                                                         PLAINTIFF

v.                              1:16-cv-114-DPM

SPARTAN MOWERS, LLC,
INTIMIDATOR, INC., and
RF PRODUCTS, INC.                                                   DEFENDANTS

ORDER

The Court appreciates the parties' proposed Scheduling Order. Please review my comments on it, which are attached. We'll discuss at the hearing this afternoon.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

8 February 2017

*DPM Comments*
*8 Feb. 2017*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

| | | |
|---|---|---|
| BAD BOY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-00114-DPM |
| | ) | |
| | ) | Honorable D. P. Marshall Jr. |
| v. | ) | |
| | ) | |
| SPARTAN MOWERS, LLC, | ) | |
| INTIMIDATOR, INC., and | | |
| RF PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- **Infringement, Invalidity, And Non-Infringement Contentions.**

    o **Disclosure Of Infringement Contentions.** The patentee must file and serve disclosures of the following information by...................................... **18 April 2017**

    (a)   Each patent claim that is allegedly infringed by each opposing party;

    (b)   For each asserted claim, the accused product of each opposing party of which the patentee is aware. This identification shall be as specific as possible. Plaintiff shall identify each accused product by name or model number, if known.

    (c)   A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product, including for each limitation that the party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in the accused product that performs the claimed function.

    (d)   Whether each claim limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product.

o **Disclosure Of Invalidity Contentions.** Any party asserting invalidity or unenforceability claims/defenses must file and serve disclosures containing the following by ............................................................................................ **16 May 2017**

(a) Each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103. For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced. As to prior art that is not documentary in nature, such [*the*] prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information.

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items or prior art makes a claim obvious, [*identify the*] ~~each such~~ combination, and the reason why a person of ordinary skill in the art would combine such [*the*] items ~~must be identified~~.

(c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each claim limitation that such party is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and [*missing word? such*]

(d) For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable (other than based on alleged inequitable conduct) and make specific reference to relevant portions of the patent specification, and/or claims [*, the claims, or both*]. Such [*These*] positions shall be made in good faith and not simply *pro forma* arguments.

o **Disclosure Of Non-Infringement Contentions.** ~~On or before~~ [*By*] 27 May 2017, Defendants shall file and serve non-infringement contentions, which shall explain the factual basis for any allegation that they do not infringe the patent-in-suit either literally or under the doctrine of equivalents, including identifying what claim limitations that it believes [*They believe?*] are not present in the accused products and why an equivalent is not present.

o **Deadline For Amending Infringement, Non-Infringement, And Invalidity Contentions.** Each party shall seasonably file amended infringement, invalidity, or non-infringement contentions in accordance with Rule 26(e) of the Federal Rules of Civil Procedure upon learning that the contention is incomplete or incorrect. The parties should conduct timely discovery so that these contentions

[handwritten margin note: 2 compare p. 4 on Nov. 2017 deadline]

can be updated as soon as possible. Any amendment to a party's infringement, invalidity, or non-infringement contentions, or other pleading, that is necessary due to the Court's claim interpretation ruling, must be timely made but in no event later than one month after the Court's claim construction ruling.

- **Claim Construction Proceedings.**

Pursuant to ~~the decision of~~ *Markman v. Westview Instruments, Inc.*, ~~116 S. Ct. 1384~~ [handwritten: 517 U.S. 370] (1996), the following procedures will be followed for resolution of claim construction issues in this case.

  o **Initial Identification Of Disputed Claim Terms.** The parties will confer to determine what claim terms may need to be interpreted by the Court by .................................................................................. **13 June 2017**

  o **Proposed Interpretations.** ~~On or before~~ [handwritten: By] 7 July 2017, the parties shall exchange, but not file, a chart or table that lists for each disputed claim term the party's proposed interpretation of the disputed claim term.

  o **Final Identification Of Disputed Claim Terms Among the Parties.** Within one week after exchanging the claim chart above (on ~~or before~~ [handwritten: by] July 14, 2017), the parties shall confer again about the claim terms in dispute. At this meeting, the parties shall attempt to narrow and finalize the claim terms that need to be interpreted by the Court. If, at any time, the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely matter. The parties shall set forth separately the construction of those relevant claim terms on which the parties agree and prepare a joint chart or table listing the disputed claim terms and the party's proposed interpretation of the disputed claim terms.

  o **Opening Claim Construction Briefs.** The parties shall contemporaneously file and serve their opening claim construction brief on ~~or before~~ ......... **8 August 2017**

  o **Responsive Claim Construction Briefs.** The parties shall contemporaneously file and serve any responsive claim construction brief on ~~or before~~ .................................................................................. **8 September 2017.**

  o **Reply Claim Construction Briefs.** The parties shall contemporaneously file and serve any reply claim construction briefs on ~~or before~~ September 22, 2017.

  o **Joint Claim Construction And Prehearing Statement.** ~~On or before~~ [handwritten: By] 29 September 2017, the parties shall file with the Court a joint claim construction and prehearing statement, which shall contain (a) the construction of those relevant terms on which the parties agree; (b) each party's proposed construction

- 3 -

of each disputed term on a claim chart; (c) an identification of the terms that each party contends would require a disposition of the case in its favor ~~and/or~~ will be [*or believes*] substantially conducive to promoting settlement; (d) the anticipated length of time necessary for the Claim Construction Hearing; (e) the identity of any witnesses that each party proposes to call and a brief description of the subject matter of the witness' anticipated testimony; and (f) a list of other issues that might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing. Plaintiff shall also submit a copy of the final version of the claim chart to the Court via email.

- **Claim Construction Hearing.** The Court will conduct a claim interpretation hearing on _____ [Case Manager will schedule approximately one month from reply brief deadline].

[*Need Trial setting post-Nov 2017*]

- **Deadline To Request Any Pleading Amendment**............................6 November 2017

- **Deadline For Defendants To Give Notice If It Plans To Assert Inequitable Conduct As a Defense**............................6 November 2017

- **Fact Discovery Cutoff**................................**90 days after Claim Construction Order**

- **Expert Discovery.**

  - Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, **120 days after Claim Construction Order**; on issues where a party does not bear the burden of proof, rebuttal expert reports are due **150 days after Claim Construction Order**; disclosure of reply expert information by party having burden of proof on issue is due **180 days after Claim Construction Order**. The parties may agree to delay expert reports as to damages if such an agreement is unlikely to delay the trial date.

  - All expert discovery shall commence so as to be completed by **210 days after Claim Construction Order**.

- Dispositive motions due ..............................**240 days after Claim Construction Order**

- Joint status report, including settlement conference request, due ...........**240 days after Claim Construction Order**

- Deposition designations exchanged ............**310 days after Claim Construction Order**

- Motions in limine due..................................**330 days after Claim Construction Order**

- 4 -

- Local Rule 26.2 pre-trial disclosure sheets due ..............................**340 days after Claim Construction Order**

- Joint report on deposition designation disputes (if any).................**340 days after Claim Construction Order**

- Trial briefs due............................................**350 days after Claim Construction Order**

- Jury Instructions (agreed or disputed) due .....................................**360 days after Claim Construction Order**

- Jury Trial, Jonesboro Courtroom 324 ............................................................................

- **Amending Pleadings.** Local Rule 5.5(e) requires a party to attach the proposed amended pleading to the motion. Please make this attachment a redlined or comparison copy showing all proposed changes. Counsel should confer about proposed amendments. State in your motion to amend whether the change is agreed or opposed.

- **Protective Orders.** Before filing a motion for approval, counsel should email a draft order in WordPerfect or Word to chambers for review. Alert the law clerk on the case to the draft's submission. Avoid legalese. Short, plain orders are better than long, complicated ones. Incorporate Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal. The order should remain in effect no longer than one year after litigation ends, not in perpetuity. Incorporate the procedure for discovery disputes, see *infra*, to cover disputes about whether a document is confidential.

- **Discovery Disputes.** Counsel should confer in good faith in person before bringing any discovery dispute to the Court. Do not file motions to compel. Do not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute." Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.** Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to material facts. Include a

-5-

specific supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being responded to—like a discovery response. Include a specific supporting record citation for each fact disputed or asserted in the responding statement. A party's substantial failure to follow these procedures will result in the party having to correct its filing. If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy paper copy to chambers.

- **Deposition Designations.** The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial. If the parties nonetheless need to use deposition testimony, then they must use the following procedure. Thirty days before Local Rule 26.2 pre-trial disclosure sheets are due, the parties should exchange deposition designations. As soon as practicable thereafter, counsel must meet and confer in person. They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections. If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute on the same date the pre-trial disclosure sheets are due. The parties must certify that they met and conferred in person but failed to resolve the disputed issue. The parties should also deliver to chambers a paper copy of the entire transcript of any deposition involved in any dispute.

- **Jury Instructions.** The Court will use its own introductory and general instructions. The parties should submit proposed instructions only on elements and anything unusual and proposed verdict forms. The Court strongly encourages the parties to confer and agree on these instructions and forms. The parties should also submit an agreed proposed statement of the case. Note authority on the bottom of the each proposed instruction. Please explain the reason for any disputed instructions in your submission. Send agreed and disputed instructions in WordPerfect or Word to dpmchambers@ared.uscourts.gov. Alert the law clerk on the case that you have submitted the instructions.

- **Exhibits.** The Court strongly encourages the parties to agree on as many of the exhibits as possible. Deliver the original exhibits, and one copy, in three-ring binders to the Courtroom Deputy on the Wednesday before trial starts. Please also include an electronic copy.

- **Pre-Trial Hearing.** It will be set by separate notice. We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

- **Conflicts Of Interest.** Counsel must check the Court's recusal list on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Sherri Black, Courtroom Deputy, by email at sherri_black@ared.uscourts.gov to check your position on the calendar as the trial date approaches. In the event of settlement, advise Sherri Black immediately.

**SO ORDERED.**

Dated: _____

The Honorable D. P. Marshall Jr.
United States District Court Judge

Agreed to and approved by:

s/ _____
Phil Campbell (AR 81028)
Eric Gribble (AR 2002192)
Haley Burks (AR 2011286)
FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
Phone: (501) 374-0200
Facsimile: (501) 975-7153
Email: pcampbell@fc-lawyers.com

Trent C. Keisling (#93226)
KEISLING & PIEPER, PLC
501 W. Cassatt
P.O. Box 10379
Fayetteville, AR 72703
Phone: (479) 251-0800
Facsimile: (479) 251-0801
Email: trent.keisling@arkansaspatents.com

*Attorneys for Plaintiff*

- 7 -

4846-6289-7469 v2
2938187-000001 01/09/2017

s/ Bradley E. Trammell
Bradley E. Trammell (AR 2016101)
Adam S. Baldridge (TN 23488)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Email: btrammell@bakerdonelson.com
Email: abaldridge@bakerdonelson.com

Robert L. Henry, III (AR 72054)
Perry Wilson (AR 00017)
BARBER LAW FIRM PLLC
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone: (501) 372-6175
Email: rhenry@barberlawfirm.com
Email: pwilson@barberlawfirm.com

Alfred F. Tom Thompson, III (AR 77133)
Kenneth P. Casey Castleberry (AR 2003109)
MURPHY, THOMPSON, ARNOLD,
SKINNER & CASTLEBERRY
555 East Main Street, Suite 200
P.O. Box 2595
Batesville, Arkansas 72503
Telephone: (870) 793-3821
Email: aftom2001@yahoo.com
Email: caseycastleberry2003@yahoo.com

*Attorneys for Defendants*