# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| BAD BOY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CV-1:16 cv 114-DPM |
| ) | |
| SPARTAN MOWERS, LLC, ) | |
| INTIMIDATOR, INC., RF PRODUCTS, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff and Defendants hereby agree to the terms of this Protective Order as follows:

IT IS HEREBY ORDERED, that if, in the course of the above-captioned litigation, any party has the occasion to disclose information it deems to be confidential or proprietary, the following procedures shall be employed and the following restrictions shall govern:

1. Each party shall have the right to designate as "Confidential" and subject to this Order any documents, electronically stored information ("ESI"), information or other materials which a designating party reasonably believes to be of a confidential, proprietary business, financial, scientific, medical or technical nature which is not available to competitors, potential competitors or other non-parties but which might become available to another party to the litigation as a result of this lawsuit ("Confidential Information"). Any documents, answers to interrogatories or document requests, deposition transcripts, responses to requests for admissions, or any other material in paper or electronic form provided by a party ("Producing Party") to the other party ("Receiving Party") during the pendency of this proceeding which

contain Confidential Information ("Confidential Material") may be designated and marked, in whole or in part, as "Confidential" by counsel for Producing Party. Any documents created by the Receiving Party which include Confidential Material designated as "Confidential," including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed "Confidential" and the same terms regarding confidentiality of these materials shall apply to the originals. To the extent possible, documents should be redacted by the Producing Party to avoid being designated as "Confidential" if the information causing the document to be designated as "Confidential" is not relevant to the issues in the lawsuit.

2. To the extent that Confidential Material is designated as "Confidential," the Confidential Material shall only be revealed to or used by (a) the Court and its officers, (b) outside counsel of record for the parties to this case, including counsels' associate and staff attorneys, legal assistants and/or paralegals, technical and clerical employees, and outside photocopying, data processing, stenographic (including shorthand reporters), or graphic production services employed by the attorneys to assist in the litigation, (c) any outside independent persons who are retained by a party or its attorneys in connection with this proceeding to furnish technical or expert services, including any employees of and other persons providing assistance to these outside persons, (d) officers or employees of the parties who have executed the Agreement of Non-Disclosure, (e) potential or actual witnesses whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Agreement of Non-Disclosure in the form attached as Exhibit "A", (f) witnesses during their testimony at a deposition, hearing or trial, so long as the Confidential Material was produced by the party employing the witness, shows on its face that the witness authored or received it, or memorializes that the witness was privy to the Confidential Material's contents (e.g., a document refers to a meeting attended by the witness),

(g) any other person agreed to by the Producing Party in writing, and (h) persons otherwise authorized by the Court.

3. The Confidential Material that a party wishes to designate as "Confidential" shall be designated by imprinting, in a manner that does not impair legibility, the word "Confidential" on the first page or cover page of the document being produced prior to its production or, if inadvertently produced without designation, by furnishing written notice to the Receiving Party that the information is designated "Confidential," or by advising the court reporter that certain deposition testimony is Confidential and is to be separately transcribed and marked accordingly.

4. If the Requesting Party believes that material designated as "Confidential" by the Producing Party is not entitled to be designated as "Confidential," the Requesting Party shall inform the Producing Party of its objection to the designation. The parties shall confer in good faith in person before bringing the dispute to the Court. If the parties reach an impasse, they will file a joint report explaining the disagreement and proceed in accordance with the "Discovery Disputes" section of the Court's Final Scheduling Order. The burden to show that Confidential Material should be treated as "Confidential" rests with the Producing Party.

5. The Court recognizes that there may be a limited number of documents or information which may be considered to be a trade secret or other confidential research, development, or commercial information, the disclosure of which would be harmful to the Producing Party's interests in the property ("Highly Confidential/Attorney Eyes Only Material"). These documents and information may be designated by the Producing Party as "Highly Confidential/Attorney Eyes Only." To the extent possible, documents should be redacted by the Producing Party to avoid being designated as "Highly Confidential/Attorney Eyes Only" if the information causing the document to be designated "Highly Confidential/Attorney Eyes Only" is not relevant to the issues in the lawsuit. Counsel for the Receiving Party may request an

unredacted copy of the redacted document so long as it is designated as "Highly Confidential/Attorney Eyes Only," is treated accordingly, and was not redacted due to assertion of the attorney-client privilege, work product doctrine, or some other applicable privilege or immunity.

6. The Highly Confidential/Attorney Eyes Only Material shall be designated by imprinting, in a manner that does not impair legibility, the word "Highly Confidential/Attorney Eyes Only" on each page of the document being produced prior to its production or, if inadvertently produced without the designation, by furnishing written notice to the Receiving Party that the information is designated "Highly Confidential/Attorney Eyes Only," or by advising the court reporter that certain deposition testimony is designated "Highly Confidential/Attorney Eyes Only," and is to be separately transcribed and marked accordingly.

7. If counsel for the Requesting Party does not agree with the designation of the document as "Highly Confidential/Attorney Eyes Only," the parties shall confer in good faith in person before bringing the dispute to the Court. If the parties reach an impasse, they will file a joint report explaining the disagreement and proceed in accordance with the "Discovery Disputes" section of the Court's Final Scheduling Order. The burden first rests with the Producing Party to show that the information is a trade secret or other confidential research, development, or commercial information and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the Requesting party to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial. If both relevance and need are shown, the Court will weigh the injury that disclosure might cause the Producing Party against the Requesting Party's need for the information without the "Highly Confidential/Attorney Eyes Only" designation. Any information or documents

subject to this review will be treated by the Requesting Party's counsel as "Highly Confidential/Attorney Eyes Only" until the Court issues its ruling.

8. To the extent that information or documents are designated "Highly Confidential/Attorney Eyes Only," the Highly Confidential/Attorney Eyes Only Material shall only be revealed to (a) the Court and its officers, (b) outside counsel of record for the parties, including said counsel's associate and contract attorneys, legal assistants and/or paralegals, technical and clerical employees, and outside photocopying, data processing, stenographic (including shorthand reporters), or graphic production services employed by the attorneys to assist in the litigation, (c) any outside independent persons who are retained by a party or its attorneys in connection with this proceeding to furnish technical or expert services, including any employees of and other persons providing assistance to these outside persons, (d) witnesses during their testimony at a deposition, hearing or trial, so long as the "Highly Confidential/Attorney Eyes Only" Confidential Material was produced by the party for whom the witness is employed, shows on its face that the witness authored or received it, or memorializes that the witness was privy to the Material's contents (e.g., a document refers to a meeting attended by the witness), (e) any other person agreed to by the Producing Party in writing, and (f) persons otherwise authorized by the Court. Under no circumstances shall an expert or consultant who is a competitor or an employee or independent contractor of a competitor of a Producing Party, be provided access to Highly Confidential/Attorney Eyes Only Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities actively engaging in or actively making plans to engage in the business of developing, manufacturing or selling lawn mowers or ATVs, UTVs, ROVs, or MOHUVs.

9. The Requesting Party shall not be obligated to challenge the propriety of any Confidential Material or Highly Confidential/Attorney Eyes Only Material designated as

"Confidential" or "Highly Confidential/Attorney Eyes Only Material" at the time made and failure to do so shall not preclude a subsequent challenge.

10. Any documents created by the Receiving Party which include material designated as "Highly Confidential/Attorney Eyes Only," including copies, abstracts, summaries, notes or other records, shall also be deemed "Highly Confidential/Attorney Eyes Only," but only to the extent information designated as "Highly Confidential/Attorney Eyes Only" in an abstract, summary, note, or other record is not removed or redacted from the documents.

11. Notwithstanding counsel's inability to disclose Attorney Eyes Only Material to the client, nothing in this Order precludes counsel from engaging in general conversations with their clients as to the general nature of the facts reflected by such documents designated Attorney Eyes Only necessary to advise their client as to the strength of their claims, defenses, and potential damage awards. However, counsel shall not disclose to the client, directly or indirectly, any specific facts or information contained in Attorney Eyes Only Material.

12. This Order shall apply to disclosures that are made (a) through discovery, (b) in any pleading, document, declaration, affidavit, brief, motion, transcript or other writing, or (c) in testimony given at deposition or trial.

13. Unless otherwise designated as Highly Confidential/Attorney Eyes Only during a deposition, the subject matter of all depositions given in connection with this proceeding and the original and all copies of the transcript of any such deposition shall be deemed to be designated as "Highly Confidential/Attorney Eyes Only" for a period ending 10 working days after the transcript is received by counsel. On or before the tenth working day after the transcript is received by counsel, the portion of the transcript that contains Confidential Material or Highly Confidential/Attorney Eyes Only Material may be designated and marked as "Confidential" or "Highly Confidential/Attorney Eyes Only" by counsel for the respective party, and the portions

of the transcript of the deposition so marked shall be subject to the provisions of this Order. When information is disclosed by the deponent in a deposition and heard or viewed by attendees of the deposition and that information has been previously designated or is subsequently designated as "Highly Confidential / Attorney Eyes Only" then the attendee shall not disclose the information to any persons not permitted to receive Highly Confidential / Attorney Eyes Only Material pursuant to paragraph 8 of this Protective Order and the attendee shall not use the information for any purposes other than those purposes expressly permitted in paragraph 15 of this Protective Order.

14. To the extent that it is necessary for a party to reference or supply the contents of any document or tangible item designated as Confidential Material or Highly Confidential/Attorney Eyes Only Material in a pleading, motion, brief, or other item to be filed with this Court, then counsel shall prepare two versions of the pleading, motion, brief, or other item: a public version and a sealed version. The public version shall redact references to any Confidential Material or Highly Confidential/Attorney Eyes Only Material and shall not be sealed. The sealed version shall be a full and complete version of the pleading, motion, brief, or other item and shall be filed under seal. Counsel shall also serve the sealed version of the pleading, motion, brief, or other item on opposing counsel by electronic mail. The portion of the deposition transcripts designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If all or part of a deposition transcript that contains Confidential Material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" must be filed with the Court, the transcript shall be filed under seal.

15. Material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" shall be used solely in the preparation of this lawsuit, and shall not be used at any time for

any other purpose whatsoever, except as specifically otherwise agreed in writing by the Producing Party.

16. Before disclosing material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" to any person, counsel shall obtain a signed non-disclosure agreement in in the form attached hereto as Exhibit "A".

17. In the event that any material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" is used in any court proceeding in connection with this lawsuit, it shall not lose its confidential status through that use, and the parties shall take all steps reasonably required to protect its confidentiality during that use.

18. Inadvertent failure to designate material as "Confidential" or "Highly Confidential/Attorney Eyes Only" shall be handled as follows:

(a) The inadvertent or unintentional production of Confidential Material or Highly Confidential/Attorney Eyes Only Material shall not be deemed a waiver, in whole or in part, of the Producing Party's claim that material should be designated as "Confidential" or "Highly Confidential/Attorney Eyes Only."

(b) In the event that a Producing Party inadvertently fails to designate any material as "Confidential" or "Highly Confidential/Attorney Eyes Only," it may later so designate by notifying the Receiving Party in writing. In these cases the Producing Party shall take reasonable steps to produce in a timely manner the information with the updated designation of "Confidential" or "Highly Confidential/Attorney Eyes Only." The Receiving Party shall take reasonable steps to ensure that the Confidential Material or Highly Confidential/Attorney Eyes Only Material inadvertently produced is treated in accordance with the designation and to replace the inadvertently produced materials with the updated

version served by the Producing Party.

(c) No person or party shall incur any liability from this Order with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

19. Should any material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Order, then the disclosing party shall use its best efforts to bind that person to the terms of this Order. Specifically, the disclosing party shall (a) promptly inform the person of all the provisions of this Order, (b) identify the person immediately to the party that designated the document as "Confidential" or "Highly Confidential/Attorney Eyes Only," and (c) request that person to sign the agreement in the form attached hereto as Exhibit "A". The executed agreement shall promptly be served upon the Producing Party.

20. The parties further acknowledge that regardless of the Producing Party's diligence, an inadvertent production of privileged or attorney work product documents may occur. They therefore agree that if, through inadvertence, a party produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the Producing Party may give written notice to the Receiving Party that the document is subject to a claim of privilege or work product immunity and request that the document be returned to the Producing Party. The Receiving Party shall destroy or return the document to the disclosing party. A party may move the Court for an Order that the document is not privileged or immune or should be producible for other reasons than a waiver caused by the inadvertent production.

21. Any third party producing material or giving testimony in this litigation pursuant to a subpoena, notice or request is entitled to designate material as "Confidential" or "Highly Confidential/Attorney Eyes Only" pursuant to the terms of this Order.

22. If the Receiving Party is subpoenaed in another lawsuit or proceeding or served with a document demand, and the subpoena seeks documents designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" by the Producing Party, the Receiving Party shall give prompt written notice to counsel for the Producing Party prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

23. Within 30 days after this lawsuit is concluded, whether by a final adjudication on the merits from which there is no right of appeal, or by other means, each party to whom "Confidential" or "Highly Confidential/Attorney Eyes Only" has been produced shall, at the election of the Producing Party, either: (a) return all documents and copies containing "Confidential" or "Highly Confidential/Attorney-Eyes Only" (including but not limited to copies in the possession or control of any expert or employee) to the Producing Party, or (b) promptly destroy the Confidential Material or Highly Confidential/Attorney Eyes Only Material, and shall provide written certification to the Producing Party that whatever procedure the Producing Party elected was fully performed.

24. Nothing in this Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Federal Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only."

25. Nothing in this Order shall prevent a party from showing any document, regardless of its description, to any third party, if the third party is shown on the face of the

document to be an author or prior recipient of that document.

26. Nothing contained in this Order is intended to require the production of documents or information not otherwise subject to discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure.

27. This Order shall remain in effect for one year after the lawsuit is resolved. Thereafter, this Order shall become a contract between the parties and their counsel to continue to treat Confidential Material and Highly Confidential/Attorney Eyes Only Material in accordance with the terms of this Protective Order. The Court will not retain jurisdiction or oversight over the parties' contract.

IT IS SO ORDERED this *19th* day of *May*, 2017

*D.P. Marshall Jr.*
The Honorable D. P. Marshall Jr.
United States District Court Judge

The undersigned hereby stipulate to the above Protective Order to be entered by the Court.

**APPROVED FOR ENTRY:**

Trent C. Keisling (#93226)
KEISLING & PIEPER, PLC
501 W. Cassatt
P.O. Box 10379
Fayetteville, AR 72703
Phone: (479) 251-0800
Facsimile: (479) 251-0801

Phil Campbell (AR 81028)
Blake Hendrix (AR 86066)
Eric Gribble (AR 2002192)
Haley Burks (AR 2011286)
FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
Phone: (501) 374-0200
Facsimile: (501) 975-7153

Email: pcampbell@fc-lawyers.com

s/ _____

*Attorneys for Plaintiff*


Bradley E. Trammell (TN 13980)
Adam S. Baldridge (TN 23488)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Email: btrammell@bakerdonelson.com
Email: abaldridge@bakerdonelson.com

Robert L. Henry, III (AR 72054)
Perry Wilson (AR 00017)
BARBER LAW FIRM PLLC
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone: (501) 372-6175
Email: rhenry@barberlawfirm.com
Email: pwilson@barberlawfirm.com


Alfred F. Tom Thompson, III (AR 77133)
Kenneth P. Casey Castleberry (AR 2003109)
MURPHY, THOMPSON, ARNOLD,
SKINNER & CASTLEBERRY
555 East Main Street, Suite 200
P.O. Box 2595
Batesville, Arkansas 72503
Telephone: (870) 793-3821
Email: aftom2001@yahoo.com
Email: caseycastleberry2003@yahoo.com

s/ _____

*Attorneys for Defendants*

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| BAD BOY, INC. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SPARTAN MOWERS, LLC, )<br>INTIMIDATOR, INC., RF PRODUCTS, INC. )<br>)<br>Defendants. )<br>) | Case No. CV-1:16 cv 114-DPM |

## AGREEMENT OF NON-DISCLOSURE

By signing this document, I hereby certify that I have read the foregoing Protective Order entered by the Court in the above-captioned case. I understand the purpose and meaning of the Protective Order and that I may receive Confidential Information under the Protective Order. I agree to comply with and be bound by the contents of the Protective Order by (i) not disclosing materials designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" to any person other than those specifically authorized by the Protective Order, and (ii) not using the materials except for the purposes of this lawsuit and pursuant to the terms of the Protective Order. I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Arkansas for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Name: _____

Signature: _____

Date: _____